PER CURIAM.*
Writ Granted. Defendant is attempting to demonstrate that the narcotics seized when he was arrested were “valid prescription” drugs. See LSA-R.S. 40:968(0); 969(C). “Prescription” is defined by LSA-R.S. 40:961(33) as follows:
“Prescription” means a written request for a drug or therapeutic aid issued by a licensed physician, dentist, veterinarian, osteopath, or podiatrist for a legitimate medical purpose, for the purpose of correcting a physical, mental, or bodily ailment, and acting in good faith in the usual course of his professional practice.
The defendant, by raising the “valid prescription” defense to the charges against him, is relying upon a specific “health condition,” i.e. the condition being treated by prescription drugs, as an element of his defense. Consequently, the defendant has waived the health care provider-patient evidentiary privilege as to any communications which are relevant to the health eondition(s) upon which defendant relies. LSA-C.E. Art. 510(C)(2)(a). Whether the defendant intends to introduce the sought-after records into evidence as physical exhibits or through the medium of oral testimony is of no moment; at a minimum the records “relate to” such testimony, and are therefore discoverable by the State. LSA-C.Cr.P. Art. 725. For these reasons, we grant writ, reverse the decision of the court of appeal, and reinstate the district court’s order granting the State’s discovery request.
WRIT GRANTED; REVERSED AND REMANDED.
MARCUS, J., not on panel.

 Justice Walter F. Marcus, Jr., was not on the panel that heard and decided this case. See State v. Barras, 615 So.2d 285, 286 n. 1 (La.1993).